UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 81-708-CIV-HOEVELER

In Re: DENNIS E. GREENMAN
SECURITIES LITIGATION
_____/

### ORDER GRANTING MOTION FOR ORDER
### AS TO APPROPRIATE DISPOSITION OF FUNDS

THIS CAUSE comes before the Court on a motion filed by the Estate of Hugo L. Black, Jr. (the former Receiver in this case) and Hugo L. Black, Jr., P.A. (the law firm which employed the Receiver). According to the movants, a total of $102,162.91 -- which may be unclaimed investor funds in this case -- remained on deposit in accounts of the Receiver at the time of his death. This case has been closed since 1997, and movants report that they engaged in considerable efforts to identify any of the investors who might be entitled to these funds, and were unable to do so. Movants have requested the Court's assistance in identifying a charitable organization for disposition of these funds.

Consistent with the *cy pres* doctrine, courts are permitted to designate unclaimed funds for public interest purposes - particularly if such purposes might combat harms similar to those that injured the original claimants. Even absent an obvious cause to support, however, the Court may direct that a charitable donation of such funds be made. See, e.g., In re: Motorsports Merchandise Antitrust Litigation, 160 F. Supp. 2d 1392 (N.D. Ga. 2001).

1

The Court has considered the movants' request, and has identified two potential recipients for the intended charitable donation. The Court will defer to the wisdom of the Receiver's Estate as to the specific decision as to the donation, after a brief period during which objections may be filed by those counsel previously associated with this case as counsel for the Plaintiffs' committee and counsel for Dennis E. Greenman, and such objections, if any, are resolved by this Court. In the event that objections are received, the Court will review those objections and issue an appropriate ruling thereon. Absent any objections, the Receiver's Estate may dispose of the funds to one or both of the following public service purposes:

* ETHICS EDUCATION. Donation to be made to the University of Miami Ethics Programs, with direction that the donation be applied toward ethics programs in either the School of Business Administration or be applied toward the Ethics Curriculum Project.

>University of Miami Ethics Programs
>P.O. Box 016960 (M-825)
>Miami, FL 33101
>(305) 243-5723

* POVERTY RELIEF. Donation to be made to Lotus House Shelter for Women, Youth, and Children.

>Lotus House
>1514 NW 2nd Ave., Suite #1
>Miami, FL 33136

The former counsel, noted above, or any other counsel for the parties to this case, may file objections before this Court as to the proposed disposition of unclaimed funds; any such objections must be filed no later than **December 30, 2013**, and a copy of such objections shall be provided to the movants. Counsel for the Receiver's Estate shall be

2

entitled to respond to such objections within ten (10) days of receipt thereof. Absent any objections filed with the Court on or before December 30, 2013, the Receiver's Estate is authorized to distribute these funds.

DONE AND ORDERED in Miami, Florida, this 9th day of December 2013.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:
    Bonnie J. Losak-Jimenez, Sheehe & Associates, P.A.
        attorneys for Estate of Hugo L. Black, Jr., and Hugo L. Black, Jr., P.A.

    Former attorneys of record for parties:
        R. Earl Welbaum   (counsel for Plaintiffs' committee)
        Thomas Tew   (counsel for Plaintiffs' committee)
        Alan G. Greer   (counsel for Plaintiffs' committee)
        James E. Glass   (counsel for Plaintiffs' committee)
        Mark Hicks   (counsel for Plaintiffs' committee)
        Elizabeth K. Clarke   (counsel for Plaintiffs' committee)
        Lawrence R. Metsch (counsel for Greenman)